IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTHELA RIVERA et al.,

                        Plaintiff,                  Case No. 3:10 dp 20060

      -vs-

                                             <u>MEMORANDUM  OPINION</u>

DEPUY ORTHOPAEDICS, INC., et al.,

                        Defendant.

KATZ, J.

### **MOTION FOR VOLUNTARY DISMISSAL**

      Plaintiffs Esthela and Francisco Rivera ("Plaintiffs") filed this action in October 2010 against DePuy Orthopaedics, Inc. , Johnson & Johnson Services, Inc., and Does 1-10, inclusive ("Defendants") in the Central District of California.  The Defendants filed their answer on November 17, 2010.  Subsequently, the parties filed a stipulation to stay the case pending transfer to the multidistrict litigation contained in MDL 2197[1].  Following receipt of the Conditional Transfer Order from the Judicial Panel on Multidistrict Litigation ("JPML"), the case was transferred to the Northern District of Ohio.

      This matter is now before the Court on Plaintiffs' motion to dismiss this action without prejudice pursuant to Fed. R. Civ. P. 42(a)(2).  Also before the Court is Defendants' opposition and Plaintiffs' reply thereto.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  For the reasons set forth below, Plaintiffs' motion is well taken.

*A.  Applicable Legal Standard*

---

[1]

  *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*, 1:10 md 2197 (N.D. Ohio)  MDL 2197.

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed on terms that the court considers proper. . . [and] unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Dismissal under 42(a)(2) is committed to the "sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d, 716, 718 (6th Cir. 1994).  The primary purpose of Rule 41(a)(2) is to protect the interests of the defendant but the court should consider the equities as to all parties. *See* JAMES WM. MOORE, 8 MOORE'S FEDERAL PRACTICE § 41.40[5][A] (3RD ED. 2011).  Denial of a dismissal without prejudice is appropriate where the defendant will suffer "plain legal prejudice," however, the prospect of a second lawsuit does not constitute plain legal prejudice.  *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Grover*, 33 F.3d at 718.   Likewise, legal prejudice is not established "simply because the plaintiff may gain some tactical advantage in a future lawsuit."  *Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999); *see also Bader v. Electronics For Imaging, Inc.*, 195 F.R.D. 659, 661 (N.D. Ca. 2000).

Factors to be considered in making this assessment include: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending.  *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *In re Baycol Products*, 2004 WL 2296817 (D. Minn. 2004).

*B.  Analysis*

The Court agrees the Defendants have expended minimal effort and expense in this particular case.  Following the stipulation to stay pending a determination by the JPML on

2

consolidation, on December 10, 2010, Plaintiffs' advised Defense counsel of their intent to file a state court action and dismiss the federal action. After Defendants declined to agree to a dismissal of the federal action, Plaintiffs filed a state court action in California, just sixty-seven days after the filing of the instant litigation. This conduct does not support either excessive delay or lack of diligence by the Plaintiff in prosecuting the action.

Defendants assert the Plaintiffs' efforts are tantamount to forum shopping and that the loss of a federal forum is prejudicial to the Defendants. This Court disagrees. "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 974, 976 (9th Cir. 2001) citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d at 145 (9th Cir. 1982). *Compare with Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986), *cert. denied*, 480 U.S. 906 (1987) (party seeking voluntary dismissal waited until after the entry of a dispositive ruling in favor of the opposition).

The Plaintiffs' state court complaint includes a non-diverse defendant, an individual who participated in the design of the product in question. Any California state court litigation regarding the Defendants' product shall be consolidated in the Judicial Council Coordinated Proceedings currently before the Hon. Richard Kramer. These circumstances do not support the notion of forum shopping. Finally, this the litigation in this instance is still in the early stages and this weighs in Plaintiffs' favor.

### CONCLUSION

Having considered the relevant factors under Fed. R. Civ. P. 41(a)(2), the Court finds that dismissal of this action, without prejudice, will not result in plain legal prejudice to Defendants.

Accordingly, Plaintiffs' motion for voluntary dismissal (Doc. No. 13) is granted and this case is dismissed without prejudice.

     IT IS SO ORDERED.

_S/ David A. Katz_

DAVID A. KATZ

U. S. DISTRICT JUDGE
